

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
04/11/2008

| | | |
|---|---|---|
| IN RE: | § | |
| KALIL FRESH MARKETING, INC.; dba | § | CASE NO: 08-30350 |
| HOUSTON'S FINEST PRODUCE | § | |
| COMPANY | § | |
|     Debtor(s) | § | |
| | § | |
| | § | CHAPTER 7 |

## MEMORANDUM OPINION AND
## ORDER GRANTING RELIEF FROM STAY (doc #41)

In docket # 41, Hitachi Capital America Corp. ("Hitachi") seeks relief from the stay to repossess a vehicle on which it claims a purchase money security interest. The chapter 7 trustee in this case has no objection to the relief requested as indicated by the signature of his counsel on the proposed form of order.

In docket # 52, Monterey Mushrooms, Inc. - Texas, David L. Burne d/b/a C & D Produce Sales, Southern Specialties, Inc., and Naturipe Farms, LLC (the "Monterey Group") object to the Court granting relief from the stay. Most of the response is dedicated to asserting that the Monterey Group has protected status as creditors under PACA, the Perishable Agricultural Commodities Act of 1930.

Under authority of PACA, the Monterey Group asserts that the vehicle is not property of the estate. The Monterey Group objection also states:

> To the extent that Hitachi seeks authority from the Court to take
> possession of and liquidate an asset held by the Debtor, in this case
> the Van, such action would be in violation of the PACA trust and
> to the detriment of the PACA trust beneficiaries, whose trust
> claims must be paid ahead of any and all secured liens of the
> Debtor.

The response is so legally deficient that it is hard to know where to start. But for purposes of this order, the Court assumes that the Monterey Group has proved all allegations of fact in its response and further assumes (solely for purposes of this order) that the Monterey Group legal theories and assertions are correct. Even with those assumptions, the Monterey Group response fails to state a legally cognizable objection to the motion. There being no issue of fact and no need for oral argument, the Court dispenses with a hearing and grants the relief requested (Bankruptcy Code § 102(1)(B)).

First, as applicable to this matter, the effect of the automatic stay of § 362 would be to prohibit actions relating to exercise of possession or control over property of the estate. But if one accepts the Monterey Group response as correct in fact and in law, the vehicle is not

property of the estate.  Therefore under the Monterey Group legal theory, the automatic stay does not apply to this vehicle.  Obviously the Monterey Group's objection fails to state a legally cognizable objection if it is objecting to a result that it asserts is already in effect.

Under the Monterey Group's logic, Hitachi is seeking an order terminating a stay that does not apply.  The bankruptcy courts frequently issue comfort orders determining whether a stay is in effect.  (Congress recognizes the need for such orders to satisfy officers of state government.  *Compare* Bankruptcy Code § 362(j).)  If Monterey Group argued that the vehicle was property of the estate and that there was some benefit to the estate if the trustee administered the property, that would be different.  But Monterey Group argues that the estate only holds legal title and that all equitable interest vests in the PACA claimants.  The Bankruptcy Code requires a chapter 7 trustee to abandon property that is thus fully encumbered.  (Bankruptcy Code § 554.)

Second, accepting as correct the Monterey Group's allegations of fact and law, there is no equity in the vehicle for creditors, and the vehicle is not necessary for an effective reorganization; therefore the Court is mandated to grant relief from the stay, if the stay applies.  (Bankruptcy Code § 362(d)(2).)

Third, if the essence of the Monterey Group objection is to avoid this Court giving Hitachi authority "to take possession of and liquidate an asset held by the Debtor," then the objection states no reason at all for denying the motion.  This Court is granting Hitachi no authority to repossess or to liquidate the vehicle.  Hitachi's authority to do so, if it has any such authority, derives from state law, not from this Court.  Relief from the stay merely determines that the Bankruptcy Code does not prohibit Hitachi from exercising its rights under applicable non-bankruptcy law.

Finally, granting relief from the stay does not diminish PACA rights.  The Monterey Group argues forcefully in its pleading that it holds equitable title to the vehicle.  Hitachi alleges that it has a purchase money security interest.  The chapter 7 trustee has evaluated the vehicle and the claims and does not believe that the estate should administer the property in this bankruptcy case.  The estate has no interest in the outcome of the competition between Hitachi and the PACA claimants over the vehicle and the estate should not expend funds to participate in that battle.  Hitachi and the Monterey Group are, and should be, left to their competing rights under applicable non-bankruptcy law.

**THEREFORE, IT IS ORDERED THAT** Hitachi's motion for relief from the stay is granted and the stay, if it applies, is lifted with respect to the 2007 Mitsubishi FE 180 Van bearing Vehicle Identification Number JL6CCG1S87K007166.

SIGNED 04/11/2008.

_____
Wesley W. Steen
United States Bankruptcy Judge