

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**ENTERED**
**07/22/2008**

| | | |
|---|---|---|
| IN RE: | § | |
| KALIL FRESH MARKETING, INC.; dba | § | CASE NO: 08-30350 |
| HOUSTON'S FINEST PRODUCE | § | |
| COMPANY | § | |
|     Debtor(s) | § | |
| | § | CHAPTER  7 |

## RECOMMENDATION FOR WITHDRAWAL OF REFERENCE

The Court concludes that the administration of this case and the determination of issues within this case require consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.  *See* 28 U.S.C. § 157(d).  The Chapter 7 Trustee has timely moved for withdrawal of the reference.  Therefore, the Court believes that withdrawal of the reference is mandatory.  The Clerk is directed to forward this recommendation for withdrawal of the reference to the district court for consideration.

ANALYSIS

"PACA" is the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq*.  Certain creditors of the bankruptcy debtor in this case are "PACA Claimants", *i.e.* entities that sold produce to the Debtor for which Debtor did not pay.  There are other (non-PACA) claimants, unpaid entities who supplied goods (other than produce), services, or credit to Debtor prior to the filing of the bankruptcy petition, *i.e.* the "general creditors" of the estate.

A number of PACA Claimants[1] assert that immediately prior to the date that Debtor filed its bankruptcy petition all of Debtor's assets were held in trust by Debtor for the PACA Claimants under federal law.  As articulated more clearly in an order dated July 1, 2008 (docket # 132), while it is clear that PACA creates special rights for PACA Claimants in the property in Debtor's possession on the date that the bankruptcy case was filed, it is not clear (at least to this Court) how to apply the PACA statutory provisions *vis a vis* how to apply the Bankruptcy Code requirements and limitations.  For example, it is not clear whether the PACA trust might extend to property in Debtor's possession if that property was purchased prior to any of the transactions giving rising to existing PACA claims.  In any event, some of the assets in Debtor's possession when the bankruptcy petition was filed were held subject to whatever "trust" rights that PACA creates, and perhaps some property was not subject to the PACA trust.

---

[1] As explained below, there is an agreement between the Chapter 7 Trustee and some of the PACA Claimants.  It is not possible to know, at this time, whether there are other PACA Claimants who are not party to the agreement and it is not possible to know whether those PACA Claimants would ratify the agreement under which the Chapter 7 Trustee proposes to administer this case.  All that is known is that the Chapter 7 Trustee has reached an agreement with the PACA Claimants who have, so far, been the most active creditors in this case.

When the petition was filed, all property in which Debtor held an interest became property of the estate, Bankruptcy Code § 541. While it is arguable that assets subject to the PACA trust become property of the estate under Bankruptcy Code § 541(d), it seems equally arguable that the property is excluded from the definition of property of the estate under authority of Bankruptcy Code § 541(b)(1). The determination of what property is "property of the estate" requires interpretation of both the Bankruptcy Code and of other law affecting interstate commerce.

While PACA creates extraordinarily rights for PACA Claimants, PACA does not establish an administrative or procedural structure to administer property after a business failure so that PACA Claimants can realize the benefits of those rights. The Bankruptcy Code creates a well-defined administrative structure for administration of assets of failed businesses, but (as demonstrated later in this recommendation) that structure is established for the benefit of general unsecured creditors of an estate, not for entities whose alleged superior rights would consume the entire value of the assets.

Because PACA provides no mechanism for PACA Claimants to realize their PACA trust rights, in this case as in a number of others some of the PACA Claimants bargained with the Chapter 7 Trustee and reached an agreement. Under that agreement, the Chapter 7 Trustee would liquidate all assets of the estate, and pay the PACA Claimants and the general creditors of the estate according to their respective rights, as determined by the Chapter 7 Trustee. Some of the parties have analogized the trustee's function under the agreement to the duties of a federal court receiver. While the agreement seems imminently practical, this Court sees substantial potential conflict if the trustee were to try to perform the function of a federal court receiver for PACA Claimants and concurrently try to fulfill the duties and responsibilities set out in the Bankruptcy Code in favor of general unsecured creditors of an estate.[2] In any event, applying these principles requires the consideration of both bankruptcy law and other laws affecting interstate commerce. In addition, this Court has great doubt about its jurisdiction to oversee a federal court receiver acting with respect to related property, but acting outside the procedural definitions and limits of the Bankruptcy Code.

The Court is aware that other courts have approved the imminently practical agreement proposed by the Chapter 7 Trustee and some of the PACA Claimants. Although the Court has not been able to find controlling jurisprudence addressing its concerns, Congress and at least one other court have considered similar issues.

Even if mere legal title were enough to establish PACA Trust Property as property of the estate under authority of Bankruptcy Code § 541(d) and 28 U.S.C. § 1334(e), other law requires the Chapter 7 Trustee to abandon that property if the estate's only interest in the property is mere legal title without any benefit for the estate and general creditors (Bankruptcy Code § 554(b)).

---

[2] For example, under the Bankruptcy Code the Chapter 7 Trustee owes a fiduciary duty to the general unsecured creditors. Under the agreement with some PACA Claimants, the trustee would owe like duties to the PACA Claimants. The Court finds it difficult to understand how the Chapter 7 Trustee could make a decision with respect to specific assets or claims. And even if the trustee were undecided and resolved to bring an issue to the Court for decision, the Court does not understand how the trustee could present the issue in an even-handed way since the Bankruptcy Code requires the trustee to protect the interests of general unsecured creditors, and presumably the trustee would have the same duty for the PACA Claimants.

> Congress has encouraged the abandonment of nominal assets. The legislative history of the Code specifically condemned the practices of some trustees under the former Bankruptcy Act who liquidated assets that were sufficient only to pay the fees of the trustee and other professionals. It made clear that Congress felt it was improper for trustees to sell assets to pay themselves when there would be no significant distribution to creditors…
>
> It is also improper for a trustee to sell property for the benefit of a secured creditor when there is no appreciable benefit to the estate. As one court found, to act on behalf of a secured creditor who is paying the trustee a commission for the sale can create conflicts of interest for the trustee, who might not wish to take a position adverse to that creditor.

Collier on Bankruptcy, ¶554.02[7](a) (15th ed. rev.).

The Court has tried to articulate its concerns in more detail in the order requiring briefing on these issues. (Docket # 132). In response to the order for additional briefing, the Chapter 7 Trustee moved for withdrawal of the reference. 28 U.S.C. § 157(d) provides:

> The district court shall, on timely motion of any party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

While other aspects of this case may be less clear, there is virtually no doubt that administration of this case and determination of issues within this case requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce. Therefore withdrawal of the reference is mandatory.

In addition, withdrawal of the reference is probably mandatory so that the supervising court will have plenary jurisdiction if the Chapter 7 Trustee is to perform the dual function of federal court receiver and bankruptcy trustee.

### RECOMMENDATION

Therefore, the undersigned bankruptcy judge recommends that the district court withdraw the reference of this bankruptcy case.

SIGNED 07/22/2008.

_____
Wesley W. Steen
United States Bankruptcy Judge